IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-MJ-1504 JHR |
| vs. | ) | 24-MJ-1632 JHR |
| | ) | |
| **SARAH FOSTER**, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER</u>**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States moves the Court for a protective order appropriately restricting access to, and redistribution of, sensitive and confidential information (hereinafter "materials") which the United States of America plans to disclose as discovery. The defendant is charged in Case No. 24-MJ-1504 with Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1); and Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). Doc. 1. The Defendant has also been charged with Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) in Case No. 24-MJ-1632. Doc. 1. In support, the United States argues as follows:

1.      The United States intends to disclose materials that reference both a confidential source and an undercover law enforcement agent. The confidential source and undercover agent have obvious, compelling privacy interests in this material. In recognition of that interest, there is good cause to enter a protective order requiring defense counsel to: (1) restrict access to the materials to themselves, their investigator, and an expert qualified to provide opinion testimony at trial based on this material; (2) go over the materials with the defendant only under circumstances

where no other person will view it and not provide the defendant with a copy of the materials to keep in their possession; and (3) refrain from reproducing or otherwise disclosing information revealed in the materials under any circumstances except as evidence during the trial of this matter without an order from the Court.

2. Entry of such a protective order is an appropriate exercise of the Court's authority to restrict discovery or inspection pursuant to Rule 16(d)(1). There is good cause for the order based on the confidential source and undercover agents' privacy interests, and entry of the order will not prejudice the defendant in any way.

3. Defense counsel was contacted regarding the relief requested through this motion and does not oppose entry of the requested protective order.

WHEREFORE, the United States asks that the Court enter a protective order restricting access to and redistribution of the materials as set forth above.

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

*Electronically filed March 26, 2025*
MARIA Y. ARMIJO
Assistant United States Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

_/s/_____
MARIA Y. ARMIJO
Assistant U.S. Attorney

2